Filed 9/23/20

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,
v.
DANIEL TODD SILVERIA and JOHN RAYMOND TRAVIS,
Defendant and Appellant.

S062417

Santa Clara County Superior Court
155731

---

## ORDER MODIFYING OPINION AND DENYING PETITIONS FOR REHEARING

THE COURT:

The opinion in this matter filed on August 13, 2020, and appearing at 10 Cal.5th 195 is modified as follows:

1.　Add a footnote after the sentence spanning pages 209 and 210 reading, "On a Tuesday in January 1991, Silveria showed his friend Gregg Orlando a wad of cash, and said, 'We killed somebody last night.' " The new footnote should read:

> At the guilt phase, this portion of Orlando's testimony was heard only by Silveria's jury. Orlando also gave substantially similar testimony at defendants' joint penalty retrial.

2.　In the first full paragraph on page 305, delete the sentence and citation that read: "We conclude there is no reasonable likelihood that the court's error misled the jury. (See *People v. Mitchell* (2019) 7 Cal.5th 561, 579 [248 Cal. Rptr. 3d 587, 443 P.3d 1] ["In reviewing a claim of

instructional error, the court must consider whether there is a reasonable likelihood that the trial court's instructions caused the jury to misapply the law in violation of the Constitution."].)  As modified, the replacement sentence and citation now read:

> We conclude there is no reasonable possibility that the court's error affected the verdict.  (See *People v. Gomez* (2018) 6 Cal.5th 243, 309–310; see also *id.* at p. 310 ["We find no reasonable possibility that the instructional error affected the jury's penalty determination."].)

3.      Delete the sentence spanning pages 305 and 306 that reads: "Given these instructions at the end of the penalty retrial, there is no reasonable likelihood that the jurors who may have heard the challenged language at the outset of trial failed to understand that they 'bore the ultimate responsibility for choosing between death and life imprisonment without parole' (*Ray, supra*, 13 Cal.4th at p. 355), and that they could consider pity and sympathy for the defendants."  As modified, the replacement sentence now reads:

> The instructions given at the end of the penalty retrial correctly informed them that they "bore the ultimate responsibility for choosing between death and life imprisonment without parole" (*Ray, supra*, 13 Cal.4th at p. 355), and that they could consider pity and sympathy for the defendants.  We therefore conclude there is no reasonable possibility that without the erroneous instruction on CALJIC 1.00 to some of the jurors during voir dire Silveria would have received a more favorable verdict.

> These modifications do not affect the judgment.

> The petitions for rehearing are denied.